IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, WEXFORD HEALTH SOURCES, CONNIE DOLCE, MIKE MOLDENHAUER, ANGELA CRAIN, ALYSSA DEARMOND, JULIA CRANE, DR. BABICH, and DR. JOHN DOE #1,<br><br>　　　　Defendants. | Case No. 24-cv-475-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Murphy initially filed a motion for temporary restraining order in *Murphy v. Willis*, Case No. 21-cv-559-DWD (Doc. 161) (Feb. 20, 2024), seeking medical care for a stomach condition. That motion, unrelated to the claims in his pending case, was severed into this new case, and Murphy was directed to file a formal complaint (Doc. 5). On March 1, 2024, Murphy filed his Complaint alleging deliberate indifference in the treatment of his stomach ulcers and other undiagnosed stomach conditions (Doc. 6). He asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Murphy makes the following allegations: Murphy suffers from stomach pain and bleeding. Medical personnel at Menard previously attributed his pain and bleeding to stomach ulcers, but Murphy alleges that he failed to receive any treatment for his ulcers and continues to suffer from stomach pain. Starting on February 12, 2024, Murphy has suffered from severe pain in his left side and in his stomach. He also has blackish blood during bowel movements and suffers from dizziness, fatigue, fever, and pain (Doc. 6, p. 15). From February 12 – 15, 2024, Murphy requested medical care from officers in his cellhouse. Those officers relayed his requests for medical care to the nurses in the healthcare unit, but they denied him care (*Id*. at p. 16). For the past several months, Murphy has also repeatedly requested testing for stomach cancer, an HIV/AIDS test, and a referral to a GI specialist—to no avail (*Id*. at p. 12).

Murphy alleges that he specifically saw Nurse Practitioner Dearmond, Mike Moldenhauer, Julia Crane, Dr. Babich, and John Doe Doctor #1 and informed them of his stomach ailments (*Id*. at p. 12). They all insisted he had ulcers and prescribed him acid reflux medications and stool softeners (*Id*.). They refused to send him to a GI specialist or

conduct testing despite his continued requests (*Id*. at pp. 12-13). He alleges that Connie Dolce, Dearmond, Angela Crain, and Julia Crane all indicated he would be referred to a specialist only if his fecal occult blood test was positive, but they refuse to give him the blood test (*Id*. at p. 15).

Murphy alleges that both Angela Crain and Connie Dolce are head nurses at Menard (*Id*. at p. 13). Both have defended the denial of his requests for outside treatment and have refused to send him out for care (*Id*.). He further alleges that Warden Anthony Wills has personally denied his requests for outside treatment. He alleges that Nurse Practitioners Alyssa Dearmond and Julia Crane refuse to see him and refuse to submit a referral or provide him with any care (*Id*. at pp. 13-14). He alleges that Dr. Babich stopped all of his prior medications and denied him any additional treatment for his ulcers. Dr. Babich also refuses to refer him to a GI specialist to determine the cause of his pain and bleeding (*Id*. at p. 14). Finally, Dr. John Doe #1, a new doctor at Menard, refuses to see Murphy and has denied all of his requests for care, despite his deteriorating condition.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Anthony Wills, Connie Dolce, Mike Moldenhauer, Alyssa Dearmond, Dr. Babich, Angela Crain, Julia Crane, and Dr. John Doe #1 for refusing to provide Murphy with medical care or an outside referral for his stomach pain and bleeding.**
>
> **Count 2:** **Illinois medical negligence claim against Anthony Wills, Connie Dolce, Mike Moldenhauer, Alyssa Dearmond,**

3

>   **Dr. Babich, Angela Crain, Julia Crane, and Dr. John Doe #1 for refusing to provide Murphy with medical care or an outside referral for his stomach pain and bleeding.**
>
> **Count 3:**   **First Amendment retaliation claim against Anthony Wills, Connie Dolce, Mike Moldenhauer, Alyssa Dearmond, Dr. Babich, Angela Crain, Julia Crane, and Dr. John Doe #1 for failing to review Murphy's sick call requests within 24-hours of receipt.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Murphy states a claim in Count 1 for deliberate indifference in the treatment of his stomach pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). The medical negligence claim in Count 2 derives from the same facts as his federal constitutional claim and will be allowed to proceed at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Murphy must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019).

Murphy fails, however, to state a claim for retaliation in Count 3. He merely states in conclusory fashion that staff failed to review his sick call requests within 24-hours of receipt of the requests and that it may be due to retaliation or understaffing. But Murphy fails to point to any facts to suggest defendants refused to view his sick call requests, nor has he indicated how the purported failure amounted to retaliation. Thus, Count 3 will be dismissed.

Finally, Murphy fails to state a claim against Wexford Health Sources. He alleges that his medical issues are "downplayed" and he has been denied medical care in an effort by staff to save Wexford money (Doc. 6, p. 15). Wexford cannot be liable for the actions of its employees because *respondeat superior*, or supervisor, liability does not apply to Section 1983 actions. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Murphy can only proceed on a claim against Wexford if Wexford's policies and practices led to the deliberate indifference he experienced. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). He fails to allege that defendants denied him care due to a policy or practice of Wexford. Thus, Wexford will be dismissed.

## Motion for Temporary Restraining Order

Murphy initially filed a motion for temporary restraining order and/or a preliminary injunction, seeking a referral to a GI specialist (Doc. 2). He alleges that he

continues to suffer from stomach pain and bleeding, black stools. To the extent that Murphy requests injunctive relief, the Court will allow Murphy to proceed on his claim against Warden Wills, both in Wills's individual and official capacity. Given the concerning nature of Murphy's allegations, the Court also **DIRECTS** Defendant Anthony Wills to respond to Murphy's motion (Doc. 2) in an expedited fashion. Wills's response is due **March 19, 2024**. Because Wills is unlikely to receive service by that date, the Clerk of Court is **DIRECTED** to mail a copy of this Order and Murphy's motion (Doc. 2) to both Wills and the Illinois Attorney General's Office.

## Motion for Counsel

As to Murphy's motion for counsel, he states that he has written several attorneys but never received a response (Doc. 8). He also notes that he has a learning disability and a behavior disorder. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because Defendants have not filed an Answer and there is nothing pending that would require the assistance of counsel. Thus, the motion for counsel (Doc. 8) is **DENIED**. Murphy may renew his motion for counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Counts 1 and 2 shall proceed against Anthony Wills (official and individual capacity), Connie Dolce, Mike Moldenhauer, Alyssa Dearmond, Dr. Babich, Angela Crain, Julia Crane, and Dr. John Doe.[3] Count 3, as well as any potential claim against Wexford Health Sources, is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Anthony Wills (official and individual capacity), Connie Dolce, Mike Moldenhauer, Alyssa Dearmond, Dr. Babich, Angela Crain, and Julia Crane: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Murphy. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Murphy, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

---

[3] Dr. John Doe will not be served at this time. After the Defendants have filed an Answer, the Court will enter a scheduling order setting forth deadlines for discovery aimed at identifying the unknown doctor.

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Murphy, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Murphy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**